[No. 7,006.—Department Two.]
October 3, 1882.

## LAMSON S. WELTON ET AL. v. MARCUS M. COOK ET AL.

NOTICE OF ACTION—ACTION TO QUIET TITLE—ESTOPPEL BY JUDGMENT.— In a former action to quiet title by one L. against the plaintiffs W. et al., notice of action was given by the plaintiff L. but none was given by W. et al., the defendants therein. In that action in the Court below L. had judgment, but on appeal to the Supreme Court the judgment was reversed and judgment ordered to be entered for the defendant W. et al., and such judgment was accordingly entered May 6, 1874. Pending that action L. conveyed the premises to Marcus M. Cook, defendant in the present action, which was commenced August 12, 1875, the defendant M. M. C. claiming title and asking that his title be quieted—his co-defendant P. A. C. claiming as mortgagor of M. M. C. After judgment in the former action of L. v. W. et al., under a writ of possession, W. et al. were placed in possession; but in the present action the Court below also found that C. in May, 1866, went into possession under his deed from L. and without other title had since that date to the date of the findings in December, 1879, held the possession adversely.

Held : 1. By the notice of action filed by L. in the former action his grantee (Cook, defendant here) had notice that while L. claimed to be the owner of the premises, the defendants W. et al. claimed an interest therein adverse to him, and that the Court was asked to adjudicate upon the respective claims. 2. Admitting (which the Court does not) in such case, W. et al. were bound to file a notice of their claims for affirmative relief, the judgment of the Court that L. had no title was as much binding upon Cook, his grantee, as it was or would have been on L. himself.

EFFECT OF REHEARING ON FORMER OPINION.—After the first opinion in Corwin v. Bensley, 43 Cal. 260, was filed, a rehearing was granted, and in the judgment on rehearing the effect of the lis pendens filed by Corwin was expressly omitted from determination.

Held : The first opinion in that case is not an adjudication upon the point as to the effect of such lis pendens.

APPEAL by defendants from the judgment of the Superior

Court of the City and County of San Francisco. DAINGER-
FIELD, J.

Action to quiet title. The facts are stated in the opinion
of the Court. After decision in department, a petition for re-
hearing in bank was presented and denied.

*Latimer & Morrow,* for Appellants.

*J. P. Hoge,* of Counsel.

The testimony shows the title to be in the plaintiffs, and
they must of course recover unless the action is barred by
the statute of limitations. We hold that the action is not
barred for two reasons :

1. Because the lot in controversy is within the boundary
lines of the pueblo, the survey of which has not been finally
approved, and for which no patent has yet issued.

2. Because the defendant, being a purchaser *pendente lite,*
is bound and estopped by the decree in the suit of *Learned* v.
*Welton et al.*

During the pendency of the suit of *Learned* v. *The Weltons,*
Learned, on May 7, 1866, deeded the premises in controversy
to Cook. Cook neither has nor claims any title except such
as he obtained by this deed.

Our proposition then is: That Cook having taken this con-
veyance during the pendency of the action of *Learned* v.
*The Weltons,* and after notice of its pendency as aforesaid, is
bound by the decree in said action, and that he can not avail
himself of the statute of limitations.

" During the progress of a suit involving the title to real
estate, where the doctrine of *lis pendens* is applicable, the
statute of limitations will not run in favor of the purchaser,"
etc. (Wade on the Law of Notice, § 376; *Henly* v. *Gore,* 4
Dana, 133.)

The doctrine of *lis pendens* is applicable to this case to its
fullest extent. At the common law the pendency of the ac-
tion was notice to all the world, and he who dealt with the
property which was the subject of the action during the pen-
dency of the action, did so at his peril, and was bound by the
decree which might be finally rendered in it, and this by

reason of matters of great public policy which override all matters of private hardship that might be involved. (See Freeman on Judgments, § 191 *et seq.;* Wade on Law of Nations, § 337 *et seq.; Tilden* v. *Cofield,* 93 U. S. 163.) And whether the assignment made *pendente lite* were by the plaintiff or defendant in the suit, made no difference, and this must necessarily be so under the rule that the action pending was notice to all the world. If notice to all, it was necessarily notice to him who took an assignment from the plaintiff in the suit, as well as to him who took an assignment from the defendant. (See *Bellamy* v. *Sabine,* 1 De Gex & Jones, 578; *Eades* v. *Harris,* 1 Younge & Coll. 230; *Debell* v. *Foxworthy,* 9 B. Mon. 231; Story's Equity, § 406–7; Story's Equity and Pleadings, § 156 and § 351 *a;* 18 Cal. 107; Wade on Law of Notice, § 345; *Gilman* v. *Hamilton,* 16 Ill. 225; *French* v. *Royal Co.,* 5 Leigh, 647; 2 Atk. 174–5; *Allen* v. *Poole,* 54 Miss. 333.)

Under the statute of this State relating to *lis pendens,* the doctrine is unquestionably the same; but in order to impart notice of the action, the statute requires, not only that the action shall be pending, but the additional fact that a notice of the pendency of the action shall have been filed in the office of the County Recorder.

When, therefore, the action shall have been commenced, and a notice of the action filed, as required by the statute, all the incidents and effects of an action pending at the common law immediately arise; and when these two things concur, an action commenced, and notice of it filed, as stated, all the world will be bound by it, most clearly, as at the common law; and he who meddles with the subject-matter of the litigation, whether claiming by an assignment from the plaintiff or defendant, will be bound by the ultimate decree.

In this particular our statute provides that the plaintiff may file a notice of the pendency of the action, or that the defendant may do so where he claims affirmative relief, etc., and it makes no difference whether the notice shall be filed by the plaintiff or defendant.

In addition, we desire to call the attention of the Court to Section 1908 of the Code of Civil Procedure, as amended in 1874. It relates to the effect of judgments, and paragraph 2

of the section is as follows: "In other cases the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided, they have notice, actual or constructive, of the pendency of the action or proceeding."

*Mastick, Belcher & Mastick*, for Respondent Pardon A. Cook; *J. B. Hart*, for Respondent Marcus M. Cook.

The notice *lis pendens* filed by Learned, did not put a purchaser from him upon notice of the extent or character of the claim of the defendants or the relief demanded by them in that action. (Practice Act. Sec. 27; Statutes, 1851, p. 54; Statutes, 1862, p. 572; *Corwin* v. *Bensley*, 43 Cal. 253; *Richardson* v. *White*, 18 id. 102; *Sampson* v. *Ohleyer*, 22 id. 200; *Horn* v. *Jones*, 28 id. 194.)

In the Practice Act of 1851, Sec. 27, reads: "In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterwards, may file with the Recorder of the county in which the property is situated a notice of the pendency of the action containing the names of the parties, the object of the action, and a description of the property in that county affected thereby. From the time of filing, only, shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby.

In 1862 that section was amended so as to read (Stat. 1851, p. 54): "In an action affecting the title to real property the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file with the Recorder of the county in which the property is situated a notice of the pendency of the action, containing the names of the parties to, and the object of the action and a description of the property in that county affected thereby; and the defendant may, also, in such notice, state the nature and extent of the relief claimed in the answer. From the time of filing, only, shall the pendency of the action

be constructive notice to a purchaser or incumbrancer of the property affected thereby." (Stat. 1862, p. 572.)

The only notice that will bind subsequent purchasers from the defendants, is the notice filed with the Recorder, and if the plaintiff fails to file his notice a subsequent purchaser is not affected by the pendency of the action, or bound by the judgment. (*Richardson* v. *White*, 18 Cal. 102.)

That case was decided in 1861, and before the amendment of 1862, to Sec. 27. That amendment placed it in the power of the defendants, as well as the plaintiff, to notify all the world of their claim to the land in litigation, and to put all parties dealing with the plaintiff in regard to it upon notice of the extent and character of their claim and of the relief sought. It follows as a logical and necessary conclusion from this permission, that if the notice was filed the purchaser would be bound by the judgment, but if no notice was filed the purchaser would not be affected by the judgment. (*Bensley* v. *Mountain Lake W. Co.* 13 Cal. 306.)

The title of Marcus M. Cook to the lot was perfect as against the appellants at the time their action was commenced, August 12, 1875. (*Arrington* v. *Liscom*, 34 Cal. 365; *Cannon* v. *Stockmon*, 36 id. 540; *San Francisco* v. *Fulde*, 37 id. 351; Hittell's General Laws, Secs. 4348, 4349, 4352.)

The judgment of the Superior Court was right and should be affirmed.

The COURT:

In 1864, one Learned commenced an action against the plaintiffs herein and others, claiming to be the owner of the premises in controversy, alleging that the defendants therein (among whom were the plaintiffs here) claimed an interest in the premises adverse to him, and asked that his title be quieted. Learned filed a notice of the pendency of the action. The defendants in that action answered, alleging themselves to be the owners in fee, and prayed that the title be quieted as against their adversary, but they did not file any notice of the pendency of the action. Learned had judgment as prayed for, but on appeal this Court reversed the judgment and directed a judgment to be entered for the defendants as prayed for by them. Judgment was accordingly entered May 6, 1874.

Pending that action, to wit, May 7, 1866, Learned conveyed the premises to Marcus M. Cook, defendant here. The deed contained a covenant of warranty "against all claims of John K. Moore and Merritt Welton et al." Merritt Welton was one of the defendants in that action.

The action now before us, commenced August 12, 1875, was brought to quiet, the title of the plaintiffs to the premises, the plaintiffs alleging themselves to be the owners in fee, and defendants claim an interest adverse to them. The defendant M. M. Cook answers, claiming that he is the owner, and asks that his title be quieted. The defendant P. A. Cook claims as incumbrancer of his co-defendant.

The Court below found the facts as above stated, and also the following: That after the judgment in the former suit, a writ for the possession of the premises was issued, and was executed by the Sheriff on the ninth day of May, 1874, by placing the Weltons in possession of the lot in controversy; and the Court also found that the defendant M. M. Cook went into possession of the premises on the seventh of May, 1866, the date of his deed from Learned, under that deed; that he neither has nor claims any title except such as he obtained by that deed or such as he may have acquired by the statute of limitations, and that he had held the possession adversely from the date of his entry under the deed to the date of the findings, December 11, 1879. The conclusion of law drawn by the Court was that plaintiff's cause of action was barred by the statute of limitations, and judgment was accordingly rendered for defendants.

The defendant M. M. Cook claims that he is unaffected by the *lis pendens* filed by the plaintiff (his grantor) in the former suit, and that as the defendants therein filed no *lis pendens* giving notice of the affimative relief asked by them, he is not bound by the judgment in their favor. By the *lis pendens* filed by the plaintiff (Learned) in that action, his grantee (Cook, defendant here) had notice that while he, Learned, claimed to be the rightful owner of the premises, the defendants, Weltons, claimed an interest therein adverse to him, and that the Court was asked to adjudicate upon the respective claims; and admitting (which we do not) that in such case the Weltons were bound to file a notice of their

claim for affirmative relief, as Cook had notice that an equitable action was pending, the judgment of the Court that Learned had no title was binding upon him; and as he entered under the deed from Learned, pending the litigation, claiming no other right than such as the deed conferred upon him, he is as much bound by the judgment that Learned was not the owner as Learned himself would have been.     The first opinion filed in *Corwin* v. *Bensley*, 43 Cal. 260, is not an adjudication upon this point, because a rehearing was granted, and in the judgment on rehearing the effect of the *lis pendens* filed by Corwin was expressly omitted from determination. It may be observed that this action was brought within two years from the date of the judgment in the former action.

Judgment reversed and cause remanded for a new trial.